IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DENARIUS M. STALLINGS                                                                              PLAINTIFF
ADC # 155066

v.                                    4:22CV00579-BSM-JTK

GIBSON, et al.                                                                                    DEFENDANTS

**ORDER**

Denarius M. Stallings ("Plaintiff") is confined in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against multiple ADC officials alleging violations of his constitutional rights. (Doc. No. 1).

On July 15, 2022, upon reviewing Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court found Plaintiff's Complaint failed to state a claim on which relief may be granted and explained why. (Doc. No. 5). Plaintiff was given the chance to file a superseding amended complaint to cure the defects in his pleading. (Id.). Plaintiff filed an Amended Complaint without the benefit of the Court's Order; it seems the July 15, 2022 Order and Plaintiff's Amended Complaint crossed paths. (Doc. Nos. 4, 5, 8). Plaintiff filed a superseding Second Amended Complaint on August 2, 2022. (Doc. No. 7).

The Court has reviewed Plaintiff's Second Amended Complaint, as required by the PLRA. As explained below, Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted. Plaintiff will be given one more opportunity to cure the defects in his pleading.

**I.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.     Facts and Analysis**

In his Second Amended Complaint, Plaintiff sued Wardens Gibson and Johnson, Deputy Warden Shipman, Major B. Carroll, Captains Taylor and Plumer, Lieutenant Brown, Sergeants Franklin and Taylor, and Escort Officer Green in their personal and official capacities. (Doc. No. 7 at 1-5). Plaintiff alleges that on September 15, 2020, Defendants Franklin and Green woke Plaintiff for court. (Id. at 9). Plaintiff was placed in handcuffs and ankle restraints, and was wearing a belt that connected both. (Id.). When Plaintiff began walking, Inmate C. Brewer emerged from the pipechase, which Inmate Brewer accessed through the light fixture in his cell. (Id.). Plaintiff asserts that Inmate Brewer had done the same thing years earlier. (Id.). Inmate Brewer stabbed Plaintiff "in the head, neck, [and] back, over and over again." (Id.).

Defendant Franklin tried to restrain Brewer. (Doc. No. 7 at 10). Defendant Sergeant Taylor came to assist. (Id.). Defendant Green initially retreated, then returned "pulling the

Plaintiff down to the ground while Inmate Brewer stabbed the Plaintiff," who was helpless. (Id.). Eventually, backup arrived. (Id.).

Plaintiff was taken to the infirmary where three or four nurses attended to his wounds. (Id.). Plaintiff asked to go to the hospital, but his request was denied. (Id.). Plaintiff also submitted a sick call request. (Doc. No. 7 at 10). He was seen by a doctor only once for his injuries. (Id. at 11). Plaintiff says he is scarred and suffers shoulder and neck pain, and headaches so severe that the cannot sleep. (Id. at 10-11). Plaintiff also says he has "paranoid visions." (Id. at 11).

Plaintiff claims Defendants "knew or should have known" that Inmate Brewer was a danger and maintains Defendants failed to protect Plaintiff from Inmate Brewer. (Id. at 4-7, 12). Plaintiff seeks damages. (Id. at 13).

***

The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020). The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." (Id.). For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials

failed to respond reasonably to that risk.'" Id. at 977 (internal citation omitted). The Court of Appeals for the Eighth Circuit has stated that

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution. It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures.

Id.

An obvious risk of harm may justify an inference that a prison official deliberately disregarded a risk. Patterson v. Kelley, 902 F.3d 845, 852 (8th Cir. 2018) (internal citation omitted). But to make that inference, there must evidence showing the defendants "were exposed to the underlying facts revealing that risk." Id. As the Supreme Court explained,

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, ***and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk*** and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 842. In the majority of failure to protect claims arising from inmate-on-inmate assault, the attacker was known to be violent or known to have made earlier inmate threats. Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007); Pagels v. Morrison, 335 F.3d 736, 739 (8th Cir. 2003); Newman v. Holmes, 122 F.3d 650, 651 (8th Cir. 1997).

Here, Plaintiff alleges Defendants "knew or should have known" that Inmate Brewer was a danger. But Plaintiff does not explain how any Defendant knew, or how any Defendant should have known, that Inmate Brewer presented a risk. Plaintiff says Inmate Brewer had gotten out of his cell in years past. Did Inmate Brewer attack someone at that time? If so, where was the attack? When? How was any Defendant involved with or aware of the earlier attack? Were there other instances when Inmate Brewer attacked or threatened others? Plaintiff provides no such

information. And Plaintiff did not provide any information regarding any Defendant's involvement with Plaintiff's medical care. Without these allegations, Plaintiff's claims are bare allegations—and bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As such, Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted.

### III. Superseding Amended Complaint

Plaintiff may amend his Second Amended Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Third Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that a Third Amended Complaint renders his Second Amended Complaint without legal effect.[1] Only claims properly set out in the Third Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Third Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

If Plaintiff does not submit a Third Amended Complaint, I will recommend that his Second Amended Complaint be dismissed without prejudice. See 28 U.S.C. § 1915(e)(2); Loc. R. 5.5(c)(2).

**IV. Conclusion**

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit a Third Amended Complaint for the Court's review, he shall file the Third Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit a Third Amended Complaint, I will recommend that his Second Amended Complaint be dismissed. See 28 U.S.C. § 1915(e)(2); LOCAL RULE 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

IT IS SO ORDERED this 8th day of August, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE