# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

DENARIUS M. STALLINGS                                                          PLAINTIFF
ADC # 155066

      v.                                    4:22CV00579-BSM-JTK

GIBSON, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

## I.      Introduction

Denarius M. Stallings ("Plaintiff") is confined in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se action under 42 U.S.C. § 1983 against multiple ADC officials alleging violations of his constitutional rights. (Doc. No. 1).

On July 15, 2022, upon reviewing Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA"), the Court found Plaintiff's Complaint failed to state a claim on which relief may be granted and explained why. (Doc. No. 5). Plaintiff was given the chance to file a superseding amended complaint to cure the defects in his pleading. (Id.). Plaintiff filed an

Amended Complaint without the benefit of the Court's Order; it seems the July 15, 2022 Order and Plaintiff's Amended Complaint crossed paths.  (Doc. Nos. 4, 5, 8).  Plaintiff filed a superseding Second Amended Complaint on August 2, 2022.  (Doc. No. 7).

The Court reviewed Plaintiff's Second Amended Complaint, as required by the PLRA. Again, the Court found that Plaintiff's Second Amended Complaint failed to state a claim on which relief may be granted.  (Doc. No. 10).  Plaintiff was given one more opportunity to cure the defects in his pleading.  (Id.).

Plaintiff has filed a Third Amended Complaint.  (Doc. No. 11).  Upon screening Plaintiff's claims, and for the reasons set out below, the Court finds Plaintiff's allegations fail to state a claim upon which relief may be granted.  As such, the Court recommends Plaintiff's Third Amended Complaint be dismissed without prejudice.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give

the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## III.   Discussion

In his Third Amended Complaint, Plaintiff sued Warden James Gibson, Deputy Wardens Johnson and James Shipman, Major Brandon Carroll, Captains Scott Taylor and James Plummer, Lieutenant Rodney Brown, and Disciplinary Notification Officers Cedrick Franklin and Green in their personal and official capacities. (Doc. No. 11 at 1-5). Plaintiff alleges that on September 15, 2020, Defendants Franklin and Green woke Plaintiff for court. (<u>Id</u>. at 8-9). Plaintiff was placed in handcuffs and ankle restraints, and was wearing a belt that connected both. (<u>Id</u>. at 9). When Plaintiff left the cell and began walking, Inmate C. Brewer emerged from the pipechase, which he accessed through the light fixture in his cell. (<u>Id</u>.).

According to Plaintiff, Inmate Brewer is a known white supremacist and is a "high [security] level" prisoner. (<u>Id</u>. at 7). Plaintiff asserts that Inmate Brewer had escaped from his cell at the Varner Supermax Unit through the pipechase in 2015 or 2016, attacking and injuring a black, female correctional officer. (<u>Id</u>. at 7). Inmate Brewer was then moved to the Tucker Max Unit. (Doc. No. 11 at 8). While at Tucker Max, Inmate Brewer allegedly escaped from his cell again, taking a correctional officer hostage. (<u>Id</u>.). Inmate Brewer later was transferred back to Varner Supermax. (<u>Id</u>.).

On September 15, 2020, after Inmate Brewer emerged from the pipechase, he stabbed Plaintiff "in the head, neck, [and] back, over and over again." (<u>Id</u>.). Defendant Franklin defused the attack. (<u>Id</u>. at 9). Defendant Taylor ran to assist. (<u>Id</u>.). Defendant Green initially retreated, then returned "pulling the Plaintiff down instead of the attacker," who continued stabbing Plaintiff. (Doc. No. 11 at 9). Eventually, backup arrived. (<u>Id</u>.).

Plaintiff was taken to the infirmary where three or four nurses attended to his wounds. (Id.).  Plaintiff asked to go to the hospital, but his request was denied.  (Id.).  Plaintiff also submitted a sick call request.  (Id. at 10).  He was seen by a doctor only once for his injuries.  (Id.).  Plaintiff says he is scared and suffers shoulder and neck pain, and headaches so severe that the cannot sleep. (Doc. No. 11 at 10).  Plaintiff also says he has "paranoid visions."  (Id. at 11).

Plaintiff claims Defendants "knew or should have known" that Inmate Brewer was a danger and maintains Defendants failed to protect Plaintiff from Inmate Brewer by not sufficiently monitoring Inmate Brewer's cell and keeping Inmate Brewer in a cell that was not securely constructed based on Inmate Brewers earlier escape through the pipechase.  (Id. at 2-4, 11-12). Plaintiff seeks damages, among other relief.  (Id. at 12-13).

***

The Court of Appeals for the Eighth Circuit considered failure to protect in the context of inmate-on-inmate assault in Vandevender v. Sass, 970 F.3d 972, 975-76 (8th Cir. 2020).  The Court explained that "[a] prison official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates."  Id. at 975 (internal citation omitted).

A failure to protect claim "has an objective component, whether there was a substantial risk of serious harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk."  (Id.).  For a defendant to be found liable, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  Id.  (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

To establish deliberate indifference in failing to protect from assault by another inmate, a plaintiff "'must show that he was faced with a pervasive risk of harm and that the prison officials

failed to respond reasonably to that risk.'"  Id. at 977 (internal citation omitted).  The Court of

Appeals for the Eighth Circuit has stated that

> a "pervasive risk of harm" may not ordinarily be shown by pointing to a single
> incident or isolated incidents, but it may be established by much less than proof of
> a reign of violence and terror in the particular institution.  It is enough that violence
> and sexual assaults occur with sufficient frequency that prisoners are put in
> reasonable fear for their safety and to reasonably apprise prison officials of the
> existence of the problem and the need for protective measures.

Id.

An obvious risk of harm may justify an inference that a prison official deliberately

disregarded a risk.  Patterson v. Kelley, 902 F.3d 845, 852 (8th Cir. 2018) (internal citation

omitted).  But to make that inference, there must evidence showing the defendants "were exposed

to the underlying facts revealing that risk."  Id.  As the Supreme Court explained,

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of
> inmate attacks was longstanding, pervasive, well-documented, or expressly noted by
> prison officials in the past, *and the circumstances suggest that the defendant-official
> being sued had been exposed to information concerning the risk* and thus must have
> known about it, then such evidence could be sufficient to permit a trier of fact to find that
> the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 842.  In the majority of failure to protect claims arising from inmate-on-inmate

assault, the attacker was known to be violent or known to have made earlier inmate threats.  Young

v. Selk, 508 F.3d 868, 873 (8th Cir. 2007); Pagels v. Morrison, 335 F.3d 736, 739 (8th Cir. 2003);

Newman v. Holmes, 122 F.3d 650, 651 (8th Cir. 1997).

Here, Plaintiff alleges Defendants "knew or should have known" that Inmate Brewer was

a danger.  But Plaintiff does not explain how any Defendant knew, or how any Defendant should

have known, that Inmate Brewer presented a risk.  When the Court gave Plaintiff a second chance

to amend his Complaint, the Court specifically asked "How was any Defendant involved with or

aware of an earlier attack?"  (Doc. No. 10 at 5).  Plaintiff never provided any information about

any Defendant's knowledge, but repeated the allegations that Defendants "knew or should have

known" that Inmate Brewer was a danger.  For example, it is not clear whether Defendant Gibson was even employed at the Varner Supermax Unit when Inmate Brewer allegedly escaped from his cell and attacked a correctional officer in 2015 or 2016—some six or seven years ago.  The Court still cannot determine how any Defendant had been exposed to information concerning a risk from Inmate Brewer.

Plaintiff also makes claims against Defendants' based on their supervisory roles.  (Doc. No. 11 at 2-4).  But there is no supervisory liability in claims under 42 U.S.C. § 1983.  Wise v. Lappin, 674 F.3d 939, 942 (8th Cir. 2012).

And Plaintiff again did not provide any information regarding any Defendant's involvement with Plaintiff's medical care.  Without these allegations, Plaintiff's claims are bare allegations—and bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).   As such, Plaintiff's Third Amended Complaint fails to state a claim on which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 2nd day of September, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."